# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TABITHA CATES, | ) |
|         Plaintiff | ) |
| v. | ) Case No. 4:17-cv-00399-CVE-FHM |
| 1) GAMESTOP, INC., | ) |
| A foreign, for-profit corporation, | ) |
|         Defendant. | ) |

## DEFENDANT GAMESTOP, INC.'S NOTICE OF REMOVAL

Defendant GameStop, Inc. ("GameStop" or "Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Northern District of Oklahoma, and as grounds therefore states:

### I. TIMELINESS OF REMOVAL

On or about June 13, 2017, Plaintiff Tabitha Cates ("Plaintiff") filed a civil action against Defendant in the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ-2017-02343. Pursuant to 28 U.S.C. § 1446(a) and LCvR81.2, copies of all documents filed or served in this case, along with a docket sheet of the matter are attached hereto as Exhibit "1". Defendant was served with the Petition on June 19, 2017. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

### II. VENUE

The District Court in and for Tulsa County, State of Oklahoma is located within the Northern District of Oklahoma. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### III.  FIRST BASIS FOR REMOVAL: DIVERSITY JURISDICTION

This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

#### A.  The Amount in Controversy Exceeds $75,000

This is an action to recover damages for wrongful termination.  Plaintiff seeks damages "in excess of $75,000." [Petition, Prayer]  Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

#### B.  Complete Diversity of Citizenship Exists between Plaintiff and the Properly Named Defendants

Plaintiff is a citizen of the State of Oklahoma. [Petition, ¶1]  Defendant is a corporation organized under the laws of the state of Delaware, and having its principal place of business in Grapevine, Texas, and therefore is a citizen of Delaware and Texas within the meaning of 28 U.S.C. § 1332. [Declaration of Everett B. Smith, ¶3, attached hereto as Exhibit "2"]  At all times relevant to the allegations in the Complaint, Plaintiff was employed by GameStop.

### IV.  SECOND BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's Petition alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"), and asserts a related intentional infliction of emotional distress ("IIED") claim pursuant to Oklahoma state law. By

asserting claims under federal law, namely, Title VII, Plaintiff's Petition asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## V.  SUPPLEMENTAL JURISDICTION

This Court has supplemental jurisdiction over Plaintiff's state law claims for alleged intentional inflict of emotional distress. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's state law intentional IIED claim involves the same common nucleus of operative fact as Plaintiff's claims under Title VII because her IIED claim is based upon "Defendant's actions of intentional and malicious discrimination." [Petition, ¶32]. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## VI.  CONSENT OF ALL DEFENDANTS

GameStop is the only named Defendant in this matter.

## VII.   CONCLUSION

In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the District Court in and for Tulsa County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

*/s/ Stephanie Johnson Manning*
EVA W. TURNER
Texas Bar No. 24051485
eva.turner@ogletreedeakins.com
STEPHANIE JOHNSON MANNING
Oklahoma Bar No. 18741
Texas Bar No. 24099422
stephanie.manning@ogletreedeakins.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
214.987.3800
214.987.3927 (Fax)

VICTOR F. ALBERT
Oklahoma Bar No. 12069
victor.albert@ogletreedeakins.com
101 Park Avenue Building
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
405.546.3774
405.546.3775 (Fax)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 10, 2017, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

Daniel E. Smolen
Lauren G. Lambright

*/s/ Stephanie Johnson Manning*
Stephanie Johnson Manning

30409983.1

---

**DEFENDANT'S NOTICE OF REMOVAL**      Page 5