# EXHIBIT 1



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

TABITHA CATES,
    Plaintiff,
v.
GAMESTOP INC,
    Defendant.

**No. CJ-2017-2343**
**(Civil relief more than $10,000:**
**DISCRIMINATION)**

Filed: 06/13/2017

Judge: Nightingale, Rebecca B.

## PARTIES

CATES,  TABITHA, Plaintiff
GAMESTOP INC, Defendant

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| SMOLEN,  DANIEL  E (Bar #19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | CATES,  TABITHA |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**EXHIBIT 1**

**Issue # 1.**          Issue: DISCRIMINATION (DISCRIM)
                        Filed By: CATES, TABITHA
                        Filed Date: 06/13/2017

              **Party Name**          **Disposition Information**
              **Defendant:**
              GAMESTOP INC

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 06-13-2017 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 06-13-2017 | DISCRIM | DISCRIMINATION | | | |
| 06-13-2017 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 06-13-2017 | PFE1 | PETITION Document Available (#1037240200) ▤TIFF ⬇PDF | | | $ 163.00 |
| 06-13-2017 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 06-13-2017 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 06-13-2017 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 06-13-2017 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 06-13-2017 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 06-13-2017 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 06-13-2017 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 06-13-2017 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |

**EXHIBIT 1**

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 06-13-2017 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 06-13-2017 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 06-13-2017 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 06-13-2017 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 06-13-2017 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 06-13-2017 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 06-13-2017 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 06-13-2017 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE NIGHTINGALE, REBECCA B. TO THIS CASE. | | | |

**EXHIBIT 1**

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 06-13-2017 | ACCOUNT | RECEIPT # 2017-3579942 ON 06/13/2017. PAYOR: SMOLEN SMOLEN & ROYTMAN PLLC TOTAL AMOUNT PAID: $ 242.14. LINE ITEMS: CJ-2017-2343: $173.00 ON AC01 CLERK FEES. CJ-2017-2343: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2017-2343: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2017-2343: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2017-2343: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2017-2343: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2017-2343: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2017-2343: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2017-2343: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2017-2343: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2017-2343: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 06-22-2017 | S | PARTY HAS BEEN SUCCESSFULLY SERVED/ SUMMONS CERTIFIED MAIL TO GAMESTOP INC / ON 6-19-17 / SIGNED ADELIA UHACK Document Available (#1037398859) 📄TIFF 📄PDF | | GAMESTOP INC | |

**EXHIBIT 1**

**EXHIBIT 1**

DISTRICT COURT

**F I L E D**

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

JUN 1 3 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

TABITHA CATES,                              )
                                            )
          Plaintiff,                        )
                                            )
vs.                                         )   **CJ-2017-02343**
                                            )
GAMESTOP, INC., a Foreign For Profit        )   Attorney Lien Claimed
Business Corporation,                       )
                                            )   Rebecca Brett Nightingale
          Defendant.                        )

### PETITION

COMES NOW the Plaintiff, Tabitha Cates, by and through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant, GAMESTOP, INC. for violations of her constitutionally protected rights arising out of her employment by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

2. Defendant, GAMESTOP, INC. (hereinafter "Gamestop"), is foreign for profit business corporation that conducts regular business in Tulsa County and regularly employs more than fifteen (15) people.

3. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment, retaliation and wrongful termination on the basis of gender.

**EXHIBIT 1**

4.      Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination, retaliation and termination due to her gender. A Notice of Right to Sue was received by the Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

5.      Jurisdiction of the Court is proper under 25 O.S. 1301 et seq and § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6.      Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8.      Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9.      This action lies properly in Tulsa County because the Defendant conducts regular business in Tulsa County.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff, Tabitha Cates, incorporates as if realleged Paragraphs 1-9.

11.     The Plaintiff is a female.

12.     The Plaintiff began employment with the Defendant in June 2002 and worked there for approximately thirteen (13) years.

13.     The Plaintiff was hired as a game advisor and worked her way up through the ranks to become a store manager mentor, which was a stepping stone position to promote into upper management positions within the company.

2

**EXHIBIT 1**

14.     The Plaintiff received positive performance reviews throughout her employment, including during her time employed as a Sales Manager Mentor.

15.     Despite her performance, the Plaintiff experienced discrimination based upon her gender from fellow Store Managers and Store Leaders who were male and from her supervisor, David McCugh.

16.     During her employment, around July 2015, the Plaintiff was told that a male store leader, Andrew Aukerman, was going to try and get her fired for alleged time clock fraud. The Plaintiff felt this threat was based upon her gender as Mr. Aukerman made comments to her in the past that he felt female managers were hard to work with because they cry too much. The Plaintiff had actually been assigned as Mr. Aukerman's mentor and so this statement was especially offensive.

17.     Shortly thereafter, the Plaintiff was called to a meeting with her supervisor, David McCugh, and was questioned about her time, including where she was on certain dates and what she was doing. After successfully establishing that she did not, and would never, steal company time, she informed David of the threatening statements made by Mr. Aukerman and ask that he investigate them.

18.     The Plaintiff spoke to David McCugh again on August 17, 2015 stating she felt like she was in a hostile situation with her mentee and that she was uncomfortable providing mentor support for a person creating a hostile work environment for her based on her gender.

19.     Soon thereafter, the Plaintiff was issued a formal coaching for the time clock complaint described above. During that meeting, Mr. McCue told her that her behavior

3

**EXHIBIT 1**

was "flighty" and that she was "overreacting." He also suggested that Plaintiff leave the mentoring program.

20. On October 28, 2015 the Plaintiff received a sexually harassing telephone call when answering the phone at work. The Plaintiff reported it and nothing was done.

21. Just two days later, the Plaintiff was called to meet with David McCugh and issued a second coaching on October 30, 2015. During the meeting, she was accused of not performing her duties as a Store Manager Mentor and her title as Mentor was removed. Mr. McCugh accused Plaintiff of not complying with the working requirements which dictates that Store Managers close at least one weekend night every week. The Plaintiff explained that she had her schedule approved by Mr. McCugh two years earlier and had not worked those hours since that time. He claimed not to remember allowing her a more flexible work schedule despite the fact that flexibility for her family was the entire reason she approached Mr. McCugh two years prior to request a transfer to a GameStop location closer to her home and to not close on weekends. The Plaintiff asked Mr. McCugh again to look into the first coaching/time clock issue as she wanted it removed.

22. During that same meeting with David McCue, a supposed mediator was present to discuss her complaints. During the "mediation," the Plaintiff was told that David felt she was "disengaged with her job" because her husband was about to finish medical school and she was allegedly "looking forward to the opportunities that would bring." The Plaintiff confirmed she was fully committed to her career and had been with the company for thirteen years. The Plaintiff voiced her concern that she did not feel her complaints were being taken seriously and the meeting was ended with a comment from

4

**EXHIBIT 1**

the mediator that she should "smile more" and that when she smiled she is "the most beautiful woman in the world."

23.     The Plaintiff is aware of male Store Managers who are afforded flexible schedules and/or who are not held to the same standards as the Plaintiff, specifically Andrew Aukerman, Ramiro Santos, Robert Jameson, Shaun Owens, Mat McKay and Jesse Moss.

24.     The Plaintiff filed an internal complaint of gender discrimination and hostile work environment, and objected to the coaching/disciplinary actions she received.

25.     Shortly after she complained of gender discrimination and a hostile work environment, through the GameStop Cares internal HR process in February 2016, Defendant terminated the Plaintiff's employment on April 17, 2016.

26.     The Plaintiff believes she was treated disparately and terminated from employment based on her gender and in retaliation for her complaints about the discrimination and hostile work environment.

## FIRST CLAIM FOR RELIEF:
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

27.     Plaintiff, Danielle Berry, incorporates as if realleged Paragraphs 1-26.

28.     By holding the Plaintiff to different standards of employment, issuing disparate discipline, and terminating the Plaintiff based upon her gender, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination

5

**EXHIBIT 1**

committed by the Defendant's management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## RETALIATION IN VIOLATION OF TITLE VII

29.    Plaintiff incorporates as if realleged Paragraphs 1-28.

30.    By terminating the Plaintiff's employment shortly after she engaged in protected

opposition to discrimination, Defendant has violated Title VII of the Civil Rights Act of

1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and
other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination
committed by the Defendant's management and executives;

d. Her attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.    Plaintiff incorporates as if realleged Paragraphs 1-30.

32.    The Defendant's actions of intentional and malicious discrimination are extreme

and outrageous and have caused severe emotional and psychological damage to the

Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for her mental anguish, pain and suffering and
other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination
committed by the Defendant's management and executives;

6

**EXHIBIT 1**

d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her

the relief sought including, but not limited to, actual damages in excess of Seventy-Five

Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive

damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost

benefits, compensatory damages for mental anguish, pain and suffering and other non-

pecuniary loss, equitable relief including reinstatement, reasonable attorney's fees,

injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN
P.L.L.C.

Daniel E. Smolen, OBA# 19943
Lauren G Lambright, OBA# 22300
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*

7

**EXHIBIT 1**



**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**

TABITHA CATES,                        )
                                      )
            Plaintiff,                )
                                      ) **CJ-2017-02343**
vs.                                   )
                                      )
GAMESTOP, INC., a Foreign For Profit  )    Attorney Lien Claimed
Business Corporation,                 )
                                      )    **Rebecca Brett Nightingale**
            Defendant.                )

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Gamestop, Inc.
c/o The Corporation Company
1833 S Morgan Rd.
Oklahoma City, OK 73128

**DISTRICT COURT
F I L E D**

JUN 2 2 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _13_ day of _June_, 2017 **DON NEWBERRY, Court Clerk**

County Court Clerk

By

Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE
CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE
TIME LIMIT STATED IN THIS SUMMONS.
**Return ORIGINAL for filing.
PERSONAL SERVICE**

**EXHIBIT 1**



I certify that I received the foregoing Summons the _____ day of_____, 2017, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2017, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____,
which is his/her dwelling house or usual place of abode, with _____
_____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2017. I certify that the following persons o

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gamestop, Inc.
c/o The Corporation Company
1833 S Morgan Rd.
Oklahoma City, OK 73128

9590 9402 2814 7069 8967 94

2. Article Number (Transfer from service label)

7016 2710 0000 0838 1341

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Adelia Unachunu   JUN 1 9 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ()

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

---

Fee for se
Total $__
Dated th

I, ____
Summon
affidavit

Subscrib
My Com____

this

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the ___ day of ___ June ___, 2017, and receipt thereof on the dates shown:

Defendant
Receipted

Gamestop
c/o Corp Company

Address Where Served
1833 S Morgan Rd
OK e

Date 6/18/17

Signature of person mailing summons

## EXHIBIT 1